UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY COTTON | CIVIL ACTION |
| VERSUS | NO. 23-3629 |
| WARDEN HOOPER LSP AND DOC | SECTION "T"(2) |

**TRANSFER ORDER**

Petitioner Gregory Cotton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his Washington Parish conviction pursuant to his guilty plea and the life sentence he is serving for second degree murder. Petitioner asserts the following claims:

(1) The state trial court did not have jurisdiction to accept a guilty plea from a mentally retarded person;
(2) The State did not have a legally valid indictment;
(3) The Antiterrorism and Effective Death Penalty Act is unconstitutional; and,
(4) La. Code Crim. Proc. arts. 930.3, 930.4, and 930.8 are unconstitutional.[1]

A review of this Court's records reflects that petitioner previously filed a § 2254 petition related to the same conviction. In that petition, *Cotton v. Cain*, No. 97-0820"H", petitioner argued that the state trial court erred when it denied the motion to suppress his three inculpatory statements taken after he invoked his right to counsel and because he was mentally retarded, lacked education, and did not knowingly waive his rights.[2] The petition was dismissed with prejudice on the merits by Order and Reasons issued July 6, 1998, and Judgment entered July 8, 1998.[3] The United States

---

[1] ECF No. 3, at 5-10; ECF No. 3-1, at 1.
[2] Civ. Action No. 97-0820"H", Rec. Doc. No. 1. The Court obtained copies of the relevant record documents from the records repository in Ft. Worth, Texas.
[3] *Id.*, Rec. Doc. Nos. 10, 11.

Fifth Circuit Court of Appeals affirmed the denial of relief.[4]  On November 1, 1999, the United States Supreme Court denied Cotton's petition for writ of certiorari.[5]

The current petition is considered a prohibited second or successive petition under 28 U.S.C. § 2244.  Before it can be addressed by this Court, the petitioner must obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing to that court of one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(3)(A).

A search of the docket records of the United States Fifth Circuit reflects that Cotton has been denied the required authorization on two prior occasions.[6]  The Fifth Circuit has also warned Cotton that continued filing of repetitive motions for authorization could be met with sanctions.[7] Until such time as petitioner has obtained the required authorization, this Court is without jurisdiction to proceed.[8]  Accordingly,

**IT IS ORDERED** that Gregory Cotton's § 2254 petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

---

[4] *Cotton v. Cain*, 182 F.3d 914 (5th Cir. 1999) (*per curiam*).

[5] *Cotton v. Cain*, 528 U.S. 971 (1999).

[6] *In re Cotton*, App. No. 23-30254, ECF No. 20 (5th Cir., Jun. 9, 2023); *In re Cotton*, App. No. 23-30435, ECF No. 18 (5th Cir. Aug. 4, 2023).

[7] *Id*. at 2; *Id*., ECF No. 20 (Sanctions Warning).

[8] As an alternative to dismissal for lack of jurisdiction, "a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); *In re Epps*, 127 F.3d 364 (5th Cir. 1997).

3

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this  14th  day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE